NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-1059

———————

REV. AUGUSTUS SIMMONS ENOCH,

Appellant,

v.

DAVID PERRY; J. SAWTELLER; LISA LAMOREAUX; SUTTERLANDER;
DEPUTY SECRETARY TREVOR A. WINGARD; TRACY SMITH; REV. ULRICH
KLEMM; DEBRA S. RAND; DAN LEE; ROBERT MAXA; KIMBERLY SMITH;
GARY PRINKEY; KATHLEEN HILL; BONNE E. BELL; ANDREW LESLIE;
HEATHER KELLERMAN; CHAPPLON REV. SHAFFER; CHAPLLON REV.
SIBANDA

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 1-19-cv-00026)
Magistrate Judge: Honorable Richard A. Lanzillo

———————

Argued on June 8, 2023

Before: HARDIMAN, AMBRO, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed: July 24, 2023)

Isabelle Aubrun **(Argued)**
Emily P. Davis
Mary E. Levy
Joshua K. Tufts
Marshall P. Wilkinson, IV
Temple University
Beasley School of Law
1719 N. Broad Street
Philadelphia, PA  19122

Jessica Rickabaugh
Tucker Law Group
1801 Market Street
Ten Penn Center, Suite 2500
Philadelphia, PA  19103

Counsel for Appellant

Abby N. Trovinger **(Argued)**
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050

Counsel for Appellees David Perry, et al.

Samuel H. Foreman
Keanna A. Seabrooks **(Argued)**
Weber Gallagher Simpson Stapleton Fires & Newby
Four PPG Place
5th Floor
Pittsburgh, PA  15222

Counsel for Appellees Lisa Lamoreaux, Robert Maxa,
Andrew Leslie

---

OPINION[*]

---

AMBRO, Circuit Judge

Augustus Simmons Enoch ("Simmons"), an inmate in the Pennsylvania prison system, alleges that various prison officials violated his rights under the Eighth

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

Amendment, First Amendment, and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*  He appeals the District Court's orders granting summary judgment for fourteen defendants employed by the Pennsylvania Department of Corrections ("DOC Appellees") and four medical professional defendants ("Medical Appellees").[1]  Because the District Court did not issue a final order disposing of all the claims Simmons brought, we dismiss his appeal for lack of appellate jurisdiction.

## I.

Our jurisdiction to decide an appeal from a district court typically requires that it issue a final order.  *See* 28 U.S.C. § 1291.  That requires judgment on all claims for all parties.  *See* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights . . . of fewer than all the parties does not end the action as to any of the claims or parties.").  The rule allows an exception: the court may certify that a judgment is final if it "expressly determines that there is no just reason for delay."  *Id.*  But the District Court here did not issue that express certification.

Tracing the claims from Simmons' operative complaint through to the District Court's orders resolving summary judgment motions, we see that a few claims remain. The operative complaint contains the following six counts:

---

[1] The DOC Appellees are Bonne E. Bell, Kathleen Hill, Heather Kellerman, Ulrich Klemm, Dan Lee, David Perry, Gary Prinkey, Debra Rand, J. Sawteller, Chaplain Rev. Shaffer, Chaplain Rev. Sibanda, Kimberly Smith, Tracy Smith, and Trevor Wingard. The Medical Appellees are Andrew Leslie, Robert Lawrence Maxa, and William Sutherland (mistakenly referenced as Sutterlander throughout the docket).  Simmons withdrew his appeal as to Lisa Lamoreaux.  Simmons Reply Br. 6 n.1.

| Count | Defendants | Type of Claim Raised |
|---|---|---|
| I | Perry, Lee, Sawteller, Lamoreaux, Sutherland, Maxa, Hill, Bell, K. Smith, Prinkey, Leslie, Kellerman | 8th Amendment deliberate indifference; 8th Amendment excessive force (against DOC Appellees only) |
| II | Maxa, Sutherland, Leslie, Lee, Perry | Conspiracy to commit 8th Amendment violations (against Perry); retaliation (against the other Appellees) |
| III | Sawteller, Kellerman, Hill, Bell, Lee | Failure to protect, failure to supervise, supervisory liability for 8th Amendment violations |
| IV | Wingard, T. Smith, Klemm, Rand, Shaffer, Sibanda | 1st Amendment right to express/practice religion |
| V | Shaffer, Klemm, T. Smith, Rand, Wingard | Conspiracy to commit 1st Amendment violations/free exercise |
| VI[2] | Shaffer, Sibanda, Klemm, T. Smith, Rand, Wingard | RLUIPA |

The DOC Appellees moved to dismiss all claims, which the District Court granted in part. It ordered that "[t]he [Defendants'] motion to dismiss is DENIED as to all . . . claims" other than "Plaintiff's purported class action claims, . . . claims against the DOC Defendants in their official capacities, . . . [and an] excessive force claim in Count I" relating to a pepper spray incident on September 25, 2018. App. 430. As a result of this order, multiple counts were still live at the summary-judgment stage: a deliberate indifference claim under Count I; an excessive force claim under Count I separate from the September 25th incident; and all of Counts II-VI.[3]

---

[2] Simmons incorrectly lists two separate Count Vs in his amended complaint. The District Court, in its opinion on the DOC Appellees' motion to dismiss, construes the first as Count V and the second as Count VI. D.I. 101 at 5. We do the same here.

[3] The District Court's opinion said that it was going to dismiss Counts II and III. But it did not do so in its order. In the face of such a conflict, the text of the order controls. *See* Fed. R. App. P. 3(c)(1)(B) (directing appellants to designate the "judgment" or "appealable order"—not the opinion—from which appeal is taken); *see also Blunt v.*

4

Later, when resolving the parties' motions for summary judgment, the Court mistakenly thought it had resolved even more claims at the motion-to-dismiss stage. In describing the remaining claims in its summary judgment opinion for the DOC Appellees, the Court incorrectly stated that it had previously dismissed "all of Simmons' claims against the DOC Defendants except . . . an Eighth Amendment excessive force claim," which was brought under Count I; "an Eighth Amendment deliberate indifference claim," also brought under Count I; "a First Amendment free exercise of religion claim," brought under Count IV; and "a claim under . . . RLUIPA," brought under Count VI. App 22. This statement suggests that only Counts I, IV, and VI were still in play at summary judgment, yet Counts II, III, and V also remained. Thus, even though the District Court granted summary judgment for the DOC Appellees, it did so too narrowly by leaving Counts II, III, and V unaccounted for.

A remaining question is what about Tracy Smith, one of the DOC Appellees. Simmons brought claims against her in Counts IV, V, and VI. The order granting summary judgment for the DOC Appellees, however, does not mention Smith at all despite listing all thirteen other DOC Appellees. We thus find no final disposition as to claims against her and thus no final judgment against all parties. Fed. R. Civ. P. 54(b).[4]

---

*Lower Merion Sch. Dist.*, 767 F.3d 247, 303 n.73 (3d Cir. 2014) ("Appeals are taken from judgments, not opinions.").

[4] Finally, we note that not all parties consented to jurisdiction by a magistrate judge. The record lacks consent from defendants Bell, Hill, Kellerman, Lee, Prinkey, Shaffer, Sibanda, K. Smith, T. Smith, Leslie, and Maxa. Although some defendants consented, 28 U.S.C. § 636(c)(1)'s consent requirement applies to "any party directly affected by an order or a judgment issued by that magistrate judge." *Burton v. Schamp*, 25 F.4th 198,

\*      \*      \*

In this context, we dismiss Simmons' appeal for lack of appellate jurisdiction because the District Court did not resolve his claims under Counts II, III, and V, nor did it resolve any claims against defendant Tracy Smith.

---

209 (3d Cir. 2022).  These parties cannot submit a consent form now because post-judgment consent does not satisfy the requirement.  *Id.* at 212.  The District Court should consider whether the parties impliedly consented to adjudication by a magistrate judge, *see id.* at 209-10, or whether review by a district judge is necessary, *see* 28 U.S.C. § 636(b)(1)(C).